```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :

         - against -               :    ORDER
                                        13 Cr. 280 (DC)
MAXO JEAN,                         :    18 Civ. 2888 (DC)

                 Defendant.        :

- - - - - - - - - - - - - - - - - -x
```

**DENNY CHIN, Circuit Judge:**

      Defendant Maxo Jean, currently incarcerated in Philipsburg, Pennsylvania and proceeding pro se, moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence entered in the underlying criminal case.  For the reasons set forth below, the Court transfers this matter to the United States Court of Appeals for the Second Circuit.

      In his submission, Jean argues that his sentence should be vacated because there is no record that the grand jury that indicted him was comprised of 12 or more members and therefore did not comply with the Fifth Amendment.  I previously denied a § 2255 motion filed by Jean, see United States v. Jean, No. 13-cr-280 (DC), 2018 WL 4771530, at *1 (S.D.N.Y. Oct. 3, 2018), and I reaffirmed that decision on January 23, 2020, see Crim. Dkt. No. 97; Civ. Dkt. No. 9.

A defendant needs permission from the Circuit court to file a successive § 2255 motion. See 28 U.S.C. § 2255(h). In the interest of justice, the Court transfers this matter to the United States Court of Appeals for the Second Circuit to decide whether to grant Jean leave to file another successive § 2255 motion. See 28 U.S.C. § 1631; see also Liriano v. United States, 95 F.3d 119, 122-23 (2d Cir. 1996). This order closes this action. If the Court of Appeals authorizes Jean to file a successive motion, he shall move to reopen this case under the civil docket number.

As the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   New York, New York
         July 22, 2020

                                      ___s/Denny Chin_____
                                      DENNY CHIN
                                      United States Circuit Judge
                                      Sitting By Designation