UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

      - against -              :        **DECISION AND ORDER**

MAXO JEAN,                        :        20 Civ. 7569 (DC)
                                    18 Civ. 2888 (DC)
              Defendant.   :        13 Cr. 280 (DC)

- - - - - - - - - - - - - - x

**APPEARANCES:**          Maxo Jean
                    Defendant <u>Pro Se</u>
                    DIN: 68120-054
                    Moshannon Valley Correctional Institution
                    Philipsburg, Pennsylvania 16866

**CHIN, Circuit Judge:**

On January 31, 2014, a jury convicted defendant Maxo Jean of conspiracy to commit mail, wire, and health care fraud, in violation of 18 U.S.C § 1349. On December 4, 2014, I sentenced Jean principally to 120 months' imprisonment and three years' supervised release. On October 3, 2018, I denied Jean's motion pursuant to 28 U.S.C § 2255 to vacate, set aside, or correct his sentence on the basis that his attorneys were constitutionally ineffective.

Proceeding <u>pro se</u>, Mr. Jean now makes a nonsuccessive motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction, arguing that (1) there is no record that

he was properly indicted by a grand jury and (2) his lawyers were ineffective for failing to obtain exculpatory evidence. For the reasons set forth below, the motion is **DENIED**.[1]

<u>BACKGROUND</u>

As set forth in more detail in my 2018 order denying Mr. Jean's first habeas petition, <u>see</u> Dkt. 13-cr-280, No. 96, Mr. Jean's conviction stems from his participation in a conspiracy to deliberately cause car accidents and defraud insurance companies. (Dkt. No. 33 at 16). Mr. Jean was indicted on April 15, 2013 and charged with one count of conspiracy to commit mail, wire, and health care fraud, in violation of 18 U.S.C. § 1349. On October 17, 2013, the government filed a superseding indictment against Mr. Jean. (Dkt. No. 25).

On November 12, 2013, six days before trial, Mr. Jean asked the court to relieve his then-counsel, Henry Steinglass. He notified the court that he had hired a different attorney, Carlos A. Martir, Jr., who would be representing him moving forward. The District Court granted Mr. Jean's motion to substitute counsel and adjourned the trial.

---

[1]     Because I find that "it plainly appears from the face of the [§ 2255] motion . . . and the prior proceedings in the case that [Mr. Jean] is not entitled to relief," I do not order the United States Attorney to file an answer to the instant motion. <u>See</u> Rules Governing Section 2255 Proceedings for the U.S. Dist. Courts 4(b); <u>Armienti v. United States</u>, 234 F.3d 820, 822-23 (2d Cir. 2000).

On December 11, 2013, Mr. Jean was arraigned on the superseding indictment in open court, waived a public reading of the indictment, and pleaded not guilty.  Eight days later, the case was transferred to the undersigned.

I presided over a four-day jury trial, and on January 31, 2014, the jury found Mr. Jean guilty.  On July 24, 2014, Mr. Jean asked that Mr. Martir be relieved as his counsel. (Dkt. No. 52).  The Court then appointed Neil Checkman to represent Mr. Jean pursuant to the Criminal Justice Act.  (Id.). Mr. Checkman represented Mr. Jean through his sentencing.

On September 23, 2014, Mr. Jean, with Mr. Checkman's assistance, filed a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33.  (Dkt. No. 64).  Mr. Jean argued that Mr. Martir had provided ineffective assistance.  (*Id.*)  On November 3, 2014, following oral argument, I denied the motion because Mr. Jean has not demonstrated prejudice from any alleged ineffectiveness.  (Dkt. No. 75 at 8-10).

On December 4, 2014, I sentenced Mr. Jean to a term of 120 months' imprisonment and three years' supervised release. (Dkt. No. 80).  Mr. Jean appealed his conviction and sentence to the Second Circuit, challenging, among other things, my denial of his motion for a new trial.  (Dkt. No. 82).  On April 22, 2016, the Second Circuit affirmed Jean's conviction and sentence

in a summary order. <u>United States v. Jean</u>, 647 F. App'x 1, 4-5 (2d Cir. 2016) (summary order).

On March 20, 2018, Mr. Jean filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the basis that Mr. Steinglass and Mr. Martir were constitutionally ineffective (Dkt. No. 90). On October 3, 2018, I denied his motion as time-barred and because it failed on the merits. (Dkt. No. 96). Mr. Jean, proceeding <u>pro se</u>, moved for reconsideration, but I denied that motion on January 23, 2020. (Dkt. No. 97).

Proceeding <u>pro se</u>, Mr. Jean moved for leave to file a successive 28 U.S.C. § 2255 motion. I transferred the request to the Second Circuit. (Dkt. Nos. 98-99). The Second Circuit denied the request for leave as unnecessary and transferred the case back to me for consideration of Mr. Jean's motion as a nonsuccessive motion. (Doc. 100).

<u>**DISCUSSION**</u>

Mr. Jean's motion is denied. First, it is untimely. Second, even if it were timely, it would still be denied because it fails on the merits.

**A.   <u>Timeliness</u>**

For the reasons I explained in my order on Mr. Jean's previous <u>habeas</u> petition, his motion is time-barred. (Dkt. No. 96 at 5-6). His first petition, filed in 2018, was untimely,

and he now seeks to file a petition more than two years later, without providing any basis to reconsider my previous ruling. For that reason alone, this petition is denied.

## B.   Ineffective Assistance of Counsel

Even if Mr. Jean's petition were timely, his claim of ineffective assistance of counsel would be rejected on the merits.

### 1. Applicable Law

To demonstrate ineffective assistance of counsel, a petitioner must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984).  First, "the defendant must show that counsel's performance was deficient," and "fell below an objective standard of reasonableness."  Id. at 687-88.  To prevail, a petitioner must "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).  Thus, "a guilty plea cannot be attacked as based on inadequate legal advice unless counsel was not 'a reasonably competent attorney' and the advice was not 'within the range of competence demanded of attorneys in criminal cases.'"  Id. at 687 (quoting McMann v. Richardson, 397 U.S. 759, 770-71 (1970)).

Second, "the defendant must show that the deficient performance prejudiced the defense."  Id. at 687.

### 2. **Application**

Mr. Jean argues that his former trial counsel was ineffective for failing to request in discovery exculpatory and Jenks Act material.  But Mr. Jean does not point to any specific evidence that was withheld or prior testimony that the Government failed to produce, and this kind of conclusory assertion is routinely rejected in this context.  See Harrington v. United States, 689 F.3d 124, 129 (2d Cir. 2012)); Skinner v. Duncan, No. 01-CV-6656, 2003 WL 21386032, at *25 & n.39 (S.D.N.Y. June 17, 2003) (collecting cases holding that conclusory allegations that the government failed to disclose evidence are insufficient to support a *Brady* violation); Franza v. Stinson, 58 F. Supp. 2d 124, 154 (S.D.N.Y. 1999) (collecting cases); Foy v. United States, 838 F. Supp. 38, 42 (E.D.N.Y.1993) (denying petition alleging *Brady* and Jencks Act violations where petitioner "failed to identify any specific document the government failed to produce").  Further, as noted in my order on Mr. Jean's previous § 2255 petition and by the Second Circuit on appeal, the evidence against Mr. Jean at trial was overwhelming, and thus Mr. Jean cannot show that the outcome at trial would have been different absent the alleged deficiencies.  Accordingly, Mr. Jean's ineffective assistance of counsel claim is rejected.

C.   <u>**Grand Jury**</u>

Mr. Jean also argues that the court lacked jurisdiction over him because there is no record that a grand jury comprised of twelve or more members indicted him. Specifically, he argues that the court lacked jurisdiction because the indictment was not presented in open court and the transcript of the grand jury proceedings was never given to him. (Dkt. No. 98 at 1-4; Dkt. No. 102 at 6).   This argument is also rejected.

1. <u>**Applicable Law**</u>

The Supreme Court has consistently "recognized that the proper functioning of the grand jury system depends upon the secrecy of the grand jury proceedings." <u>Douglas Oil Co. of Cal.</u> <u>v. Petrol Stops Nw.</u>, 441 U.S. 211, 218 (1979).   Further, there is a "general presumption of regularity afforded grand jury proceedings." <u>United States v. Dzialak</u>, 441 F.2d 212, 217 (2d Cir. 1971).   Thus, "the Supreme Court has consistently refused to breach the walls of grand jury secrecy absent a showing of particularized need." <u>In re Grand Jury Investigation of</u> <u>Cuisinarts, Inc.</u>, 665 F.2d 24, 33 (2d Cir. 1981).   "[D]isclosure is appropriate only in those cases where the need for it outweighs the public interest in secrecy, and that the burden of demonstrating this balance rests upon the private party seeking disclosure." <u>Douglas Oil Co.</u>, 441 U.S. at 223.

2. **Application**

Mr. Jean argues that his conviction should be vacated because his indictment was not presented in open court. (Dkt. No. 98 at 2). But on December 11, 2013, Mr. Jean was arraigned on the superseding indictment in open court, at which time he waived a public reading. Accordingly, this argument is without merit.

Mr. Jean also argues that his conviction should be vacated because he never received the transcript from the grand jury proceedings. (Dkt. No. 98 at 1). As a threshold matter, Mr. Jean did not request the grand jury minutes until 2016, nearly two years after conviction and sentencing. (See Dkt. No. 98 Ex. A). But even had Mr. Jean requested the grand jury transcript before he was convicted, he would not be entitled to it. He has not come close to showing that there was any grand juror misconduct, and "[u]nsupported suspicions of grand jury abuse are insufficient to justify disclosure of the proceedings." United States v. Abrams, 539 F. Supp. 378, 389 (S.D.N.Y. 1982). Further, Mr. Jean is not permitted "to engage in a fishing expedition in hopes of uncovering an impropriety or defect in the proceeding where he has no basis to conclude that an impropriety or defect exists." United States v. Faltine, No. 13-CR-315, 2014 WL 4370811, at *5 (E.D.N.Y. Sept. 2, 2014). Accordingly, Mr. Jean was not entitled to his grand jury minutes

prior to his conviction, nor is he entitled to them now, and his failure to receive them is not grounds to vacate his conviction.

## CONCLUSION

For the reasons set forth above, Mr. Jean has failed to show a basis for relief under 28 U.S.C. § 2255. Accordingly, his motion for relief is **DENIED**. Because Mr. Jean has not made a substantial showing of the denial of a constitutional right, I decline to issue a certificate of appealability. See 28 U.S.C. § 2253 (as amended by the Antiterrorism and Effective Death Penalty Act). I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this order would not be taken in good faith.

SO ORDERED.

Dated:    New York, New York
          January 8, 2021

                              S/ Denny Chin_____
                              DENNY CHIN
                              United States Circuit Judge
                              Sitting by Designation